The opinion of the Court was delivered by
O'Neall, J.
In this case it is with deep regret that we • are constrained to order it back for a third examination in the City Court. This regret arises, not from the number of times that this case has to pass the review of this or the City Court. For justice ought to be attained, no matter how many trials may be necessary for that purpose. But.our regret is, that the Recorder should so manifestly set himself to obtain a result directly in opposition to the unanimously expressed views of this Court. How useless such a course is, may be seen in the sequel of this, as it has been in many other cases. Two things have been settled by the previous adjudications. 1st. That the defendants were liable to account to the plaintiffs for the proceeds of the goods, unless they (the defendants) could show that the right of these plaintiffs has been transferred to some other person. 2d. That the mere possession of the bill of lading by Bingley, did not authorise the defendants to consider him as owner. 7 Rich. 333; 8 Rich. 129.
Nqither of these propositions seem to have met the approbation of the Recorder. For under the third head of his charge as stated in his report, he attached all the consequences of ownership to the bill of lading, delivered to Bingley. For as to the shipment at Baltimore and consignment to the defendants neither constituted any evidence of ownership on the part of Bingley. Yet the Recorder found in them and the possession *333 of the bill of lading, a constructive delivery of the goods to Bingley. In considering the question of a conditional sale, we think the Recorder was also in error.
If the facts showed, as the plaintiffs contended, that their sale was conditional, I have no doubt that the defendants could not set up any rights of Bingley against it. Eor they are not purchasers. They are the consignees of the plaintiffs undertaking to show that they were right in paying a part of the proceeds of the goods sold by them as auctioneers to another person. So, too, it appears that they had funds of Bingley to an amount very nearly sufficient, if not quite enough to reimburse their advance. In either point of view this is substantially an attempt to protect Bingley as the purchaser of the plaintiffs’ goods, when he has not paid a dollar for them, and therefore has failed to comply with the condition of the sale. How does a defence thus set up ancl maintained comport with mercantile fairness and justice ? The Recorder tells us he' failed to perceive any aspect of the case in which he thought the plaintiffs entitled to recover, and therefore did not present any grounds to the jury in which they might recover. This is, to say the least, rather a strange submission to a jury. Every case, litigated as this has been, one would think had two sides to it deserving of being looked at by a jury. To me it seems the plaintiffs have a great deal to present to the consideration of the jury to show that they are entitled to recover.
Beyond all doubt they were once owners. So, too, they shipped the goods to the defendants. Resting there, the decision in 7 Rich. 333, gave them a plain right to recover. How has that been defeated ? It could only be defeated by showing a sale to Bingley. Has this been done ? The bill of lading received by defendants from Bingley does not prove it. It may be that that fact, coupled with Mr. Alexander’s testimony, may bring a jury to that conclusion. But it must be remembered the case was not thus submitted to the jury.
The plaintiffs, however, are entitled to have opposed to this *334 view, their letter, which was in evidence, showing a conditional sale to Bingley in the first instance, and then'a shipment on their own account to the defendants, and the statement in one of Mr. Baker’s letters, that the defendants promised to keep the nett proceeds of the sale of brandy subject to the plaintiffs’ order, and in another, “ if Bingley would pay to ■ them (the plaintiffs) the defendants’ advance, they (the defendants) would account for the remainder.”
The motion for a new trial is granted.
Wardlaw, Withers and Whither, JJ., concurred.

Motion granted,